UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TAIWO Y. JIMOH,

                Petitioner,

     -against-

O.B.C.C. and DISTRICT ATTORNEY OFFICE,

                Respondents.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
06-CV-3069 (JG)

GLEESON, United States District Judge.

      Petitioner files this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his ongoing criminal action in Kings County Supreme Court.[1] For the reasons set forth below, the Court dismisses the petition without prejudice as premature.

## BACKGROUND

      Although unclear, it appears that petitioner was arrested on September 24, 2005. Pet. at 1. Petitioner argues in the instant petition that he

> has been held in custody for over 188 days without a grand jury action, the petitioner made a request to testify before a grand jury, the bail at $25,000 is excessive, the petitioner exhaust the state court remedies, but it was still pending. A writ court in Kings County grant the petitioner a poor person status, the petitioner writ of habeas corpus was sent to state Supreme Court to respond since 1-9-06, still yet the petitioner is still being held over in custody without any response from the respondent. Therefore, the petitioner has no other option than to call or file a petition in the District Court to intervene in the state judicial court.

Pet. at 4, ¶ 13.

---

[1] The instant petition was transferred to this Court from the United States District Court for the Southern District of New York by Order dated May 24, 2006 and was received by this Court on June 15, 2006. On May 31, 2006, petitioner filed a civil rights action in this Court pursuant to 42 U.S.C. § 1983, related to petitioner's same criminal action in Kings County Supreme Court. See Jimoh v. Hynes, 06-CV-2845 (JG).

1

## DISCUSSION

In order to bring a petition for a writ of habeas corpus, a petitioner must first exhaust the remedies available in the state court or show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B)(i)(ii). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General, 696 F.2d 186, 190-92 (2d Cir. 1982). Since petitioner's criminal case appears to be ongoing, he has not exhausted his available state court remedies, and the instant petition is premature.[2]

---

[2] Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides a one year statute of limitations for seeking federal habeas corpus review which runs from the date a conviction is made final as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice as premature.³ See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 (if it plainly appears from the face of the petition that petitioner is not entitled to relief, the judge shall make an order for summary dismissal). A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lucidore v. New York State Div. Of Parole, 209 F.3d 107 (2d Cir. 2000); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 11, 2006

s/John Gleeson
JOHN GLEESON, U.S.D.J.

---

³ Petitioner is further advised that a future petition would not be "second or successive" when a state petitioner whose first petition was dismissed without prejudice for failure to exhaust state remedies brings a new petition based on the exhausted claim. See Camarano v. Irvin, 98 F.3d 44, 46 (2d Cir.1996) (per curiam) ("[A]pplication of the gatekeeping provisions to deny a resubmitted petition ... would conflict with the doctrine of writ abuse ....").